# EXHIBIT A

14542759.1.1-16

**USPS CERTIFIED MAIL**

**9214 8901 4298 0492 3286 90**

***CERTIFIED MAIL***

Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia SC 29211

0014542759000011
VIA CERTIFIED MAIL
Corporation Service Company
100 Coastal Drive, Ste. 210
Charleston SC 29492

ELECTRONICALLY FILED - 2026 Aug 21 12:33 PM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

14542759.1.2-16

ELECTRONICALLY FILED - 2026 Aug 21 12:33 PM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

davemaxfield
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803-509-6800
Fax: 855-299-1656
ConsumerLawSC.com

2191 Pickens Street
Suite 317
Columbia, SC 29201

*Member, National Association of Consumer Advocates*

July 16, 2026

**<u>VIA CERTIFIED MAIL</u>**
Corporation Service Company
100 Coastal Drive, Ste. 210
Charleston, SC 29492

RE: Thommie Shaw Lewis v. Exeter Finance LLC
Case No. 2026-CP-04-01896

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **Exeter Finance LLC**, is a filed copy of a **<u>Summons & Complaint</u>** in the above matter.

Sincerely,

s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

14542759.1.3-16

ELECTRONICALLY FILED - 2026 Aug [illegible] AM - ANDERSON - COMMON PLEAS - CASE#2026CP04[illegible]

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | TENTH JUDICIAL CIRCUIT |
| THOMMIE SHAW LEWIS,<br>Plaintiff, | |
| -vs- | Case No. |
| EXETER FINANCE LLC,<br>Defendant. | **SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865 Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
2191 Pickens Street, Suite 317
Columbia, SC 29201
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 16, 2026

14542759.1.4-16

ELECTRONICALLY FILED - 2026 Aug 21 10:53 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS<br>TENTH JUDICIAL CIRCUIT |
| COUNTY OF ANDERSON | |
| THOMMIE SHAW LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>EXETER FINANCE LLC,<br><br>Defendant. | **<u>COMPLAINT</u>**<br>(Jury Trial Demanded) |

## INTRODUCTION

1. Plaintiff Thommie Shaw Lewis brings this action against Defendant Exeter Finance LLC ("Exeter") for wrongful repossession of her vehicle, conversion, violation of the Fair Credit Reporting Act, unconscionable conduct under the South Carolina Consumer Protection Code, and unfair trade practices under the South Carolina Unfair Trade Practices Act, arising from Exeter's deliberate failure to credit a payoff payment it received and deposited in April 2025 and its subsequent wrongful repossession and false credit reporting.
2. Despite receiving and depositing a payoff check from Republic Finance, LLC on April 14, 2025, Exeter continued to treat Ms. Lewis's account as delinquent for over seven months — sending Right to Cure notices, reporting false delinquencies and a charge-off to all three major credit bureaus, repossessing her vehicle, and threatening to sell it at private sale.
3. Exeter ultimately acknowledged that the account was paid in full as of November 24, 2025 — seven months after it cashed Republic Finance's check — and issued a $816.95 GAP insurance refund to Ms. Lewis. By then, Ms. Lewis's credit had been catastrophically damaged, she had been deprived of her vehicle, forced to pay tow yard

14542759.1.5-16

ELECTRONICALLY FILED - 2026 Aug 21 12:53 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

fees to recover a car that was never legitimately subject to repossession, and subjected to the threat of having her property sold out from under her, as well as harm to her credit due to Exeter's false reporting.

**PARTIES**

4. Plaintiff Thommie Shaw Lewis is an individual residing in Anderson County, South Carolina. She is employed with the South Carolina Department of Behavioral Health and Developmental Disabilities.

5. Defendant Exeter Finance LLC ("Exeter") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2101 W. John Carpenter Freeway, Irving, Texas 75063. Exeter is a licensed auto finance company that regularly does business in South Carolina and regularly furnishes consumer credit information to the major credit reporting agencies. Exeter may be served through its registered agent for service of process.

**FACTS**

**A. The Exeter Auto Loan**

6. On or about April 21, 2020, Plaintiff Thommie Shaw Lewis entered into a retail installment contract (Account No. 2164854) with Exeter Finance LLC for the financing of a 2017 Chevrolet Equinox, VIN 2GNALCEK9H6132837 (the "Vehicle"). The original balance under the contract was $15,894.00, with monthly payments of $424.34 over 74 months.

7. Prior to April 2025, Ms. Lewis made all payments to Exeter on time and in full. Credit reports from all three major bureaus confirm no delinquency on the Exeter account prior to April 2025.

**B. The Refinance and Payoff of the Exeter Account**

14542759.1.6-16

ELECTRONICALLY FILED - 2026 Aug 21 10:53 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

11. On April 1, 2025, Ms. Lewis entered into a refinance/consolidation loan with Republic Finance, LLC (Account No. 24/103526/88805). The Republic Finance loan documents explicitly itemize, under "Amounts Paid to Others on My Behalf," the following: "(7) Amounts Paid to Exeter Finance LLC — $4,694.90." Ms. Lewis authorized this disbursement on her behalf as part of the loan closing.
12. On April 1, 2025, Republic Finance issued Check No. 240020468, drawn on Wells Fargo Bank, N.A., in the amount of $4,694.90, payable to Exeter Finance LLC, with the memo line stating: "Loan Proceeds: 103526/88805-thommie lewis payoff acc#2164I."
13. Exeter Finance received and deposited the payoff check. Bank records confirm the check was paid and posted on April 14, 2025.
14. At the time of the payoff, the outstanding balance on Ms. Lewis's Exeter account was approximately $4,645.00, as reflected in account statements from March 2025. The payoff check of $4,694.90 was sufficient to satisfy the full outstanding balance, including any accrued interest.
15. Upon receiving the payoff funds, Exeter had a contractual and legal obligation to: (a) credit Ms. Lewis's account in full; (b) mark the account as paid and closed; (c) cease reporting the account as delinquent; and (d) release the certificate of title for the Vehicle within 30 days, as required by Exeter's own contract terms and applicable South Carolina law.

**C. Exeter's Failure to Credit the Payment**

16. Despite receiving and depositing $4,694.90 on April 14, 2025, Exeter failed and refused to credit Ms. Lewis's account. Instead, Exeter continued to treat the account as active, delinquent, and owing a balance.
17. On June 24, 2025 — more than two months after cashing Republic Finance's payoff check — Exeter mailed Ms. Lewis a "Notice of Right to Cure" demanding payment of $1,281.58 by July 17, 2025, falsely claiming she was in default under the contract.

14542759.1.7-16

ELECTRONICALLY FILED - 2026 Aug 21 12:53 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

18. Exeter simultaneously began reporting Ms. Lewis's account as progressively more delinquent to Equifax, Experian, and TransUnion, despite the account having been paid in full.

**D. The Wrongful Repossession**

19. On information and belief, on or before November 5, 2025, Exeter repossessed the Vehicle from Ms. Lewis without legal justification. At no point was Ms. Lewis in actual default: the debt secured by the Vehicle had been fully paid when Exeter deposited Republic Finance's check on April 14, 2025.
20. On November 5, 2025, Exeter sent Ms. Lewis a "Notice of Our Plan to Sell Property," stating: "We have your Vehicle because you broke promises in our Agreement. We will sell the vehicle at a private sale sometime after 11/17/2025." Exeter demanded that Ms. Lewis pay the full purported outstanding balance plus its expenses to redeem the Vehicle — a demand entirely without basis, as the underlying debt had been satisfied months earlier.
21. Ms. Lewis was deprived of the use of her Vehicle for approximately one week. As a non-exempt hospital employee working 75 to 80 hours biweekly, the loss of her vehicle directly threatened her ability to report to work. Ms. Lewis was forced to make alternative transportation arrangements and to endure the significant stress and hardship of being without her only vehicle.
22. The Vehicle was ultimately returned to Ms. Lewis only after a personal connection between a Republic Finance employee and a senior Exeter employee was leveraged to secure its release — an ad hoc resolution that should never have been necessary. Even upon the vehicle's return, Ms. Lewis was required to pay tow yard and storage fees out of pocket as a condition of recovering property that Exeter had no legal right to seize.
23. On November 24, 2025, Exeter finally acknowledged that Account No. 2164854 was paid in full — seven months after it cashed Republic Finance's payoff check.

14542759.1.8-16

ELECTRONICALLY FILED - 2026 Aug 12 10:53 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

24. On December 15, 2025, Exeter issued Ms. Lewis a GAP insurance refund check in the amount of $816.95, with an accompanying letter confirming: "Your last payment was received on 11/24/2025. Your Account 2164854 is paid in full." Exeter's own letter and refund check constitute a direct admission that the account was fully satisfied.

**E. Exeter's False and Inaccurate Credit Reporting**

25. Between approximately May 2025 and November 2025, Exeter reported false and inaccurate information about Ms. Lewis's Account No. 2164854 to Equifax, Experian, and TransUnion.

26. Specifically, Exeter falsely reported the account as: 30 days past due (May and July 2025); 60 days past due (June and August 2025); 90 days past due (September 2025); and charged off in October 2025, with $4,586 written off and $5,387 claimed as past due.

27. Every one of these reports was false. Ms. Lewis had never missed a payment. The account should have been reported as closed, paid in full, and never late as of April 14, 2025.

28. The false charge-off and delinquency history caused severe and lasting damage to Ms. Lewis's credit scores and creditworthiness.

29. As a direct consequence of Exeter's false reporting, Ms. Lewis was forced to seek replacement vehicle financing from multiple lenders in October 2025, during the period when the false charge-off was appearing on her credit reports, and experienced difficulty obtaining financing on reasonable terms as a result.

**F. Damages**

30. As a direct and proximate result of Exeter's conduct, Ms. Lewis has suffered:

a. Loss of use of her Vehicle for approximately one week;

b. Out-of-pocket tow yard and storage fees paid to recover the wrongfully repossessed Vehicle;

14542759.1.9-16

ELECTRONICALLY FILED - 2026 Aug 21 12:53 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

c. Severe damage to her credit scores and creditworthiness, including a false charge-off notation reported to all three major credit bureaus;

d. Inability to obtain replacement vehicle financing or credit on reasonable terms due to the false reporting;

e. Emotional distress, anxiety, and humiliation arising from the wrongful repossession, the threat of sale of her Vehicle, and the destruction of her credit;

f. Lost time from work and personal time spent addressing the repossession;

g. Attorney's fees and costs; and

h. Such other damages as are proven at trial.

**FIRST CAUSE OF ACTION**

**Wrongful Repossession**

**Violation of S.C. Code §§ 36-9-609 and 36-9-625**

**(Against Exeter Finance LLC)**

31. Plaintiff incorporates all preceding paragraphs by reference.

32. Under Article 9 of the South Carolina Uniform Commercial Code, S.C. Code § 36-9-609, a secured party may take possession of collateral only following a debtor's default, and only without breach of the peace.

33. At the time Exeter repossessed the Vehicle, there was no default. The debt underlying Exeter's security interest had been fully satisfied by Republic Finance's payoff check, which Exeter deposited on April 14, 2025.

34. Because Exeter lacked any legal basis to repossess the Vehicle, its conduct constituted a wrongful repossession in violation of S.C. Code § 36-9-609.

35. S.C. Code § 36-9-625 provides that a person is liable for damages in the amount of any loss caused by a failure to comply with Article 9. A debtor whose deficiency is eliminated or reduced or who is entitled to a surplus under § 36-9-626 may recover

14542759.1.10-16

ELECTRONICALLY FILED - 2026 Aug 21 12:53 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

damages for an Article 9 violation, including actual loss and, in certain consumer-goods transactions, a civil penalty equal to the credit service charge plus ten percent of the principal amount of the obligation, or the time-price differential plus ten percent of the cash price.

36. Ms. Lewis's retail installment contract with Exeter constitutes a consumer-goods transaction within the meaning of Article 9. Exeter's wrongful repossession was a failure to comply with Article 9 of the UCC, entitling Ms. Lewis to actual damages and a civil penalty under S.C. Code § 36-9-625(c).

37. As a result of this violation, Ms. Lewis is entitled to actual damages, the civil penalty provided under S.C. Code § 36-9-625(c)(2), and such other relief as the Court deems appropriate.

**SECOND CAUSE OF ACTION**

**Conversion**

**(Against Exeter Finance LLC)**

38. Plaintiff incorporates all preceding paragraphs by reference.

39. Ms. Lewis had the absolute right to possession of the Vehicle at all times after April 14, 2025, when Exeter cashed the payoff check and the underlying debt was extinguished.

40. Exeter intentionally and without lawful justification exercised dominion and control over the Vehicle in a manner inconsistent with Ms. Lewis's ownership rights, by physically seizing the Vehicle, retaining it for approximately one week, and threatening to sell it at private sale.

41. Exeter's acts constituted an unlawful conversion of Ms. Lewis's personal property.

42. As a result of Exeter's conversion, Ms. Lewis suffered actual damages including the loss of use of her Vehicle, tow and storage fees, and consequential damages. Ms. Lewis further seeks punitive damages for Exeter's willful, wanton, and intentional conduct in wrongfully seizing and threatening to sell property to which it had no legal claim.

14542759.1.11-16

ELECTRONICALLY FILED - 2026 Aug 21 12:53 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401836

**THIRD CAUSE OF ACTION**

**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681s-2(b)**

**(Against Exeter Finance LLC)**

43. Plaintiff incorporates all preceding paragraphs by reference.

44. Exeter is a "furnisher" of consumer credit information within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

45. After Ms. Lewis disputed the inaccurate Exeter account information with the consumer reporting agencies, those agencies notified Exeter of her disputes pursuant to 15 U.S.C. § 1681i(a)(2).

46. Upon receiving notice of the disputes, Exeter was obligated under 15 U.S.C. § 1681s-2(b) to: (a) conduct a reasonable investigation with respect to the disputed information; (b) review all relevant information provided by the consumer reporting agency; (c) report the results of its investigation to each consumer reporting agency; and (d) if the information was found to be inaccurate, incomplete, or unverifiable, modify, delete, or permanently block the reporting of that information.

47. Exeter failed to conduct a reasonable investigation. Despite possessing its own records confirming it received and deposited Republic Finance's payoff check on April 14, 2025, Exeter continued to furnish and certify false delinquency and charge-off information to the credit reporting agencies.

48. Exeter's violations of § 1681s-2(b) were willful, in that Exeter acted with reckless disregard for its statutory obligations and for the accuracy of the information it was reporting, or in the alternative, were negligent.

49. As a result, Ms. Lewis suffered actual damages including credit score damage, loss of credit access, and emotional distress. Ms. Lewis is entitled to actual damages, statutory damages of not less than $100 nor more than $1,000 per violation, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

14542759.1.12-16

ELECTRONICALLY FILED - 2026 Aug 21 10:53 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

**FOURTH CAUSE OF ACTION**

**Unconscionable Conduct in Consumer Credit Transaction**

**S.C. Code § 37-5-108**

**(Against Exeter Finance LLC)**

50. Plaintiff incorporates all preceding paragraphs by reference.

51. The Exeter retail installment contract is a "consumer credit transaction" as defined under the South Carolina Consumer Protection Code, S.C. Code § 37-1-301, et seq.

52. S.C. Code § 37-5-108 prohibits a creditor from engaging in unconscionable conduct in the collection of a debt arising from a consumer credit transaction.

53. Exeter's conduct in connection with the collection of the Exeter account and enforcement of the retail installment contract was unconscionable, oppressive, and abusive, including but not limited to:

  a. Cashing a full payoff check on April 14, 2025, while simultaneously failing to credit the account and treating it as delinquent;

  b. Sending a Right to Cure notice dated June 24, 2025, demanding payment of a debt that had already been satisfied;

  c. Falsely reporting Ms. Lewis's account as delinquent and ultimately charged off to all three major credit bureaus over a period of seven months;

  d. Repossessing Ms. Lewis's Vehicle despite possessing a fully satisfied security interest;

  e. Threatening to sell Ms. Lewis's Vehicle at private sale and threatening to hold her liable for a deficiency on a debt that did not exist; and

  f. Demanding tow and storage fees as a condition of returning property that was wrongfully seized.

54. These acts, individually and collectively, constitute unconscionable conduct in the collection of a consumer debt under S.C. Code § 37-5-108.

14542759.1.13-16

ELECTRONICALLY FILED - 2026 Aug 21 12:53 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

55. Ms. Lewis is entitled to recover actual damages and a civil penalty in the amount provided under S.C. Code § 37-5-108(2), together with attorney's fees and costs.

**FIFTH CAUSE OF ACTION**

**Violation of the South Carolina Unfair Trade Practices Act**

**S.C. Code § 39-5-20**

**(Against Exeter Finance LLC)**

56. Plaintiff incorporates all preceding paragraphs by reference.

57. The South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code § 39-5-20, prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

58. Exeter is engaged in trade or commerce within the meaning of SCUTPA.

59. Exeter's conduct as described herein constitutes unfair and deceptive acts and practices in trade or commerce, including but not limited to:

a. Cashing a payoff check while simultaneously treating the corresponding account as unpaid and delinquent;

b. Sending false and misleading collection notices — including a Right to Cure demand — on a debt that had been fully satisfied;

c. Reporting materially false and damaging information to the three major consumer credit reporting agencies over a period of seven months;

d. Repossessing a vehicle on the false premise that the underlying debt was in default;

e. Threatening to sell Ms. Lewis's Vehicle and hold her liable for a deficiency that did not exist; and

f. Conditioning the return of wrongfully seized property upon payment of tow and storage fees.

60. Exeter's unfair and deceptive practices have a potential for repetition, in that Exeter is a large-scale auto finance company that services thousands of consumer accounts, and

14542759.1.14-16

whose payoff processing failures could affect any consumer whose loan is refinanced through a third-party lender.

61. Exeter's unlawful conduct was the direct and proximate cause of actual damages to Ms. Lewis.

62. Pursuant to S.C. Code § 39-5-140, Ms. Lewis is entitled to actual damages. Because Exeter's conduct was willful and knowing, Ms. Lewis is further entitled to treble damages and attorney's fees and costs.

**PRAYER FOR RELIEF**

63. WHEREFORE, Plaintiff Thommie Shaw Lewis respectfully requests that this Court enter judgment in her favor and against Defendant Exeter Finance LLC as follows:

A. Actual and compensatory damages in an amount to be determined at trial;

B. Statutory damages under the FCRA, 15 U.S.C. §§ 1681n and 1681o, in an amount of not less than $100 nor more than $1,000 per violation;

C. A civil penalty under S.C. Code § 36-9-625(c)(2) for Exeter's wrongful repossession in violation of Article 9 of the South Carolina UCC;

D. A civil penalty under S.C. Code § 37-5-108(2) for Exeter's unconscionable conduct in the collection of a consumer credit obligation;

E. Treble damages pursuant to S.C. Code § 39-5-140 for Exeter's willful and knowing unfair and deceptive trade practices;

F. Punitive damages for Exeter's willful, wanton, and egregious conduct in connection with the conversion of Plaintiff's vehicle and violations of the FCRA;

G. An order requiring Exeter Finance LLC to immediately and permanently correct all credit reporting to Equifax, Experian, and TransUnion regarding Account No. 2164854 to reflect the account as "Closed, Paid, Never Late, $0 Balance";

H. An order requiring Exeter Finance LLC to release the lien on the Vehicle (2017 Chevrolet Equinox, VIN 2GNALCEK9H6132837) and deliver clear title;

14542759.1.15-16

ELECTRONICALLY FILED - 2026 Jul 21 12:53 PM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

I. Reasonable attorney's fees and costs as permitted by the FCRA (15 U.S.C. § 1681o), S.C. Code § 37-5-108, and S.C. Code § 39-5-140;

J. Pre-judgment and post-judgment interest; and

K. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 16, 2026

14542759.1.16-16

ELECTRONICALLY FILED - 2026 Aug 21 12:33 PM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

STATE OF SOUTH CAROLINA

COUNTY OF ANDERSON

THOMMIE SHAW LEWIS,

Plaintiff,

-vs-

EXETER FINANCE LLC,

Defendant.

IN THE COURT OF COMMON PLEAS
TENTH JUDICIAL CIRCUIT

Case No. 2026-CP-04-01896

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on **July 16, 2026**, I served the foregoing **Summons & Complaint**, by sending a copy of same by United States First Class Mail, Certified Delivery, Return Receipt Requested to the following:

Corporation Service Company
100 Coastal Drive, Ste. 210
Charleston, SC 29492
*(on behalf of Exeter Finance LLC)*

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_______________________________

Dave Maxfield, Esq., SC Bar No. 7163
2191 Pickens Street, Suite 317
Columbia, SC 29201
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 16, 2026

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | TENTH JUDICIAL CIRCUIT |
| THOMMIE SHAW LEWIS, | |
| Plaintiff, | |
| -vs- | Case No. |
| EXETER FINANCE LLC, | **SUMMONS** |
| Defendant. | |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865 Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
2191 Pickens Street, Suite 317
Columbia, SC 29201
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 16, 2026

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

STATE OF SOUTH CAROLINA

COUNTY OF ANDERSON

THOMMIE SHAW LEWIS,

Plaintiff,

v.

EXETER FINANCE LLC,

Defendant.

IN THE COURT OF COMMON PLEAS
TENTH JUDICIAL CIRCUIT

**COMPLAINT**
(Jury Trial Demanded)

## INTRODUCTION

1. Plaintiff Thommie Shaw Lewis brings this action against Defendant Exeter Finance LLC ("Exeter") for wrongful repossession of her vehicle, conversion, violation of the Fair Credit Reporting Act, unconscionable conduct under the South Carolina Consumer Protection Code, and unfair trade practices under the South Carolina Unfair Trade Practices Act, arising from Exeter's deliberate failure to credit a payoff payment it received and deposited in April 2025 and its subsequent wrongful repossession and false credit reporting.
2. Despite receiving and depositing a payoff check from Republic Finance, LLC on April 14, 2025, Exeter continued to treat Ms. Lewis's account as delinquent for over seven months — sending Right to Cure notices, reporting false delinquencies and a charge-off to all three major credit bureaus, repossessing her vehicle, and threatening to sell it at private sale.
3. Exeter ultimately acknowledged that the account was paid in full as of November 24, 2025 — seven months after it cashed Republic Finance's check — and issued a $816.95 GAP insurance refund to Ms. Lewis. By then, Ms. Lewis's credit had been catastrophically damaged, she had been deprived of her vehicle, forced to pay tow yard

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

fees to recover a car that was never legitimately subject to repossession, and subjected to the threat of having her property sold out from under her, as well as harm to her credit due to Exeter's false reporting.

## PARTIES

4. Plaintiff Thommie Shaw Lewis is an individual residing in Anderson County, South Carolina. She is employed with the South Carolina Department of Behavioral Health and Developmental Disabilities.
5. Defendant Exeter Finance LLC ("Exeter") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2101 W. John Carpenter Freeway, Irving, Texas 75063. Exeter is a licensed auto finance company that regularly does business in South Carolina and regularly furnishes consumer credit information to the major credit reporting agencies. Exeter may be served through its registered agent for service of process.

## FACTS

### A. The Exeter Auto Loan

6. On or about April 21, 2020, Plaintiff Thommie Shaw Lewis entered into a retail installment contract (Account No. 2164854) with Exeter Finance LLC for the financing of a 2017 Chevrolet Equinox, VIN 2GNALCEK9H6132837 (the "Vehicle"). The original balance under the contract was $15,894.00, with monthly payments of $424.34 over 74 months.
7. Prior to April 2025, Ms. Lewis made all payments to Exeter on time and in full. Credit reports from all three major bureaus confirm no delinquency on the Exeter account prior to April 2025.

### B. The Refinance and Payoff of the Exeter Account

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

11. On April 1, 2025, Ms. Lewis entered into a refinance/consolidation loan with Republic Finance, LLC (Account No. 24/103526/88805). The Republic Finance loan documents explicitly itemize, under "Amounts Paid to Others on My Behalf," the following: "(7) Amounts Paid to Exeter Finance LLC — $4,694.90." Ms. Lewis authorized this disbursement on her behalf as part of the loan closing.
12. On April 1, 2025, Republic Finance issued Check No. 240020468, drawn on Wells Fargo Bank, N.A., in the amount of $4,694.90, payable to Exeter Finance LLC, with the memo line stating: "Loan Proceeds: 103526/88805-thommie lewis payoff acc#2164I."
13. Exeter Finance received and deposited the payoff check. Bank records confirm the check was paid and posted on April 14, 2025.
14. At the time of the payoff, the outstanding balance on Ms. Lewis's Exeter account was approximately $4,645.00, as reflected in account statements from March 2025. The payoff check of $4,694.90 was sufficient to satisfy the full outstanding balance, including any accrued interest.
15. Upon receiving the payoff funds, Exeter had a contractual and legal obligation to: (a) credit Ms. Lewis's account in full; (b) mark the account as paid and closed; (c) cease reporting the account as delinquent; and (d) release the certificate of title for the Vehicle within 30 days, as required by Exeter's own contract terms and applicable South Carolina law.

**C. Exeter's Failure to Credit the Payment**

16. Despite receiving and depositing $4,694.90 on April 14, 2025, Exeter failed and refused to credit Ms. Lewis's account. Instead, Exeter continued to treat the account as active, delinquent, and owing a balance.
17. On June 24, 2025 — more than two months after cashing Republic Finance's payoff check — Exeter mailed Ms. Lewis a "Notice of Right to Cure" demanding payment of $1,281.58 by July 17, 2025, falsely claiming she was in default under the contract.

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

18. Exeter simultaneously began reporting Ms. Lewis's account as progressively more delinquent to Equifax, Experian, and TransUnion, despite the account having been paid in full.

**D. The Wrongful Repossession**

19. On information and belief, on or before November 5, 2025, Exeter repossessed the Vehicle from Ms. Lewis without legal justification. At no point was Ms. Lewis in actual default: the debt secured by the Vehicle had been fully paid when Exeter deposited Republic Finance's check on April 14, 2025.
20. On November 5, 2025, Exeter sent Ms. Lewis a "Notice of Our Plan to Sell Property," stating: "We have your Vehicle because you broke promises in our Agreement. We will sell the vehicle at a private sale sometime after 11/17/2025." Exeter demanded that Ms. Lewis pay the full purported outstanding balance plus its expenses to redeem the Vehicle — a demand entirely without basis, as the underlying debt had been satisfied months earlier.
21. Ms. Lewis was deprived of the use of her Vehicle for approximately one week. As a non-exempt hospital employee working 75 to 80 hours biweekly, the loss of her vehicle directly threatened her ability to report to work. Ms. Lewis was forced to make alternative transportation arrangements and to endure the significant stress and hardship of being without her only vehicle.
22. The Vehicle was ultimately returned to Ms. Lewis only after a personal connection between a Republic Finance employee and a senior Exeter employee was leveraged to secure its release — an ad hoc resolution that should never have been necessary. Even upon the vehicle's return, Ms. Lewis was required to pay tow yard and storage fees out of pocket as a condition of recovering property that Exeter had no legal right to seize.
23. On November 24, 2025, Exeter finally acknowledged that Account No. 2164854 was paid in full — seven months after it cashed Republic Finance's payoff check.

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

24. On December 15, 2025, Exeter issued Ms. Lewis a GAP insurance refund check in the amount of $816.95, with an accompanying letter confirming: "Your last payment was received on 11/24/2025. Your Account 2164854 is paid in full." Exeter's own letter and refund check constitute a direct admission that the account was fully satisfied.

**E. Exeter's False and Inaccurate Credit Reporting**

25. Between approximately May 2025 and November 2025, Exeter reported false and inaccurate information about Ms. Lewis's Account No. 2164854 to Equifax, Experian, and TransUnion.

26. Specifically, Exeter falsely reported the account as: 30 days past due (May and July 2025); 60 days past due (June and August 2025); 90 days past due (September 2025); and charged off in October 2025, with $4,586 written off and $5,387 claimed as past due.

27. Every one of these reports was false. Ms. Lewis had never missed a payment. The account should have been reported as closed, paid in full, and never late as of April 14, 2025.

28. The false charge-off and delinquency history caused severe and lasting damage to Ms. Lewis's credit scores and creditworthiness.

29. As a direct consequence of Exeter's false reporting, Ms. Lewis was forced to seek replacement vehicle financing from multiple lenders in October 2025, during the period when the false charge-off was appearing on her credit reports, and experienced difficulty obtaining financing on reasonable terms as a result.

**F. Damages**

30. As a direct and proximate result of Exeter's conduct, Ms. Lewis has suffered:

a. Loss of use of her Vehicle for approximately one week;

b. Out-of-pocket tow yard and storage fees paid to recover the wrongfully repossessed Vehicle;

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

c. Severe damage to her credit scores and creditworthiness, including a false charge-off notation reported to all three major credit bureaus;

d. Inability to obtain replacement vehicle financing or credit on reasonable terms due to the false reporting;

e. Emotional distress, anxiety, and humiliation arising from the wrongful repossession, the threat of sale of her Vehicle, and the destruction of her credit;

f. Lost time from work and personal time spent addressing the repossession;

g. Attorney's fees and costs; and

h. Such other damages as are proven at trial.

**FIRST CAUSE OF ACTION**

**Wrongful Repossession**

**Violation of S.C. Code §§ 36-9-609 and 36-9-625**

**(Against Exeter Finance LLC)**

31. Plaintiff incorporates all preceding paragraphs by reference.

32. Under Article 9 of the South Carolina Uniform Commercial Code, S.C. Code § 36-9-609, a secured party may take possession of collateral only following a debtor's default, and only without breach of the peace.

33. At the time Exeter repossessed the Vehicle, there was no default. The debt underlying Exeter's security interest had been fully satisfied by Republic Finance's payoff check, which Exeter deposited on April 14, 2025.

34. Because Exeter lacked any legal basis to repossess the Vehicle, its conduct constituted a wrongful repossession in violation of S.C. Code § 36-9-609.

35. S.C. Code § 36-9-625 provides that a person is liable for damages in the amount of any loss caused by a failure to comply with Article 9. A debtor whose deficiency is eliminated or reduced or who is entitled to a surplus under § 36-9-626 may recover

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

damages for an Article 9 violation, including actual loss and, in certain consumer-goods transactions, a civil penalty equal to the credit service charge plus ten percent of the principal amount of the obligation, or the time-price differential plus ten percent of the cash price.

36. Ms. Lewis's retail installment contract with Exeter constitutes a consumer-goods transaction within the meaning of Article 9. Exeter's wrongful repossession was a failure to comply with Article 9 of the UCC, entitling Ms. Lewis to actual damages and a civil penalty under S.C. Code § 36-9-625(c).

37. As a result of this violation, Ms. Lewis is entitled to actual damages, the civil penalty provided under S.C. Code § 36-9-625(c)(2), and such other relief as the Court deems appropriate.

**SECOND CAUSE OF ACTION**

**Conversion**

**(Against Exeter Finance LLC)**

38. Plaintiff incorporates all preceding paragraphs by reference.

39. Ms. Lewis had the absolute right to possession of the Vehicle at all times after April 14, 2025, when Exeter cashed the payoff check and the underlying debt was extinguished.

40. Exeter intentionally and without lawful justification exercised dominion and control over the Vehicle in a manner inconsistent with Ms. Lewis's ownership rights, by physically seizing the Vehicle, retaining it for approximately one week, and threatening to sell it at private sale.

41. Exeter's acts constituted an unlawful conversion of Ms. Lewis's personal property.

42. As a result of Exeter's conversion, Ms. Lewis suffered actual damages including the loss of use of her Vehicle, tow and storage fees, and consequential damages. Ms. Lewis further seeks punitive damages for Exeter's willful, wanton, and intentional conduct in wrongfully seizing and threatening to sell property to which it had no legal claim.

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

## THIRD CAUSE OF ACTION

## Violation of the Fair Credit Reporting Act

## 15 U.S.C. § 1681s-2(b)

## (Against Exeter Finance LLC)

43. Plaintiff incorporates all preceding paragraphs by reference.

44. Exeter is a "furnisher" of consumer credit information within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

45. After Ms. Lewis disputed the inaccurate Exeter account information with the consumer reporting agencies, those agencies notified Exeter of her disputes pursuant to 15 U.S.C. § 1681i(a)(2).

46. Upon receiving notice of the disputes, Exeter was obligated under 15 U.S.C. § 1681s-2(b) to: (a) conduct a reasonable investigation with respect to the disputed information; (b) review all relevant information provided by the consumer reporting agency; (c) report the results of its investigation to each consumer reporting agency; and (d) if the information was found to be inaccurate, incomplete, or unverifiable, modify, delete, or permanently block the reporting of that information.

47. Exeter failed to conduct a reasonable investigation. Despite possessing its own records confirming it received and deposited Republic Finance's payoff check on April 14, 2025, Exeter continued to furnish and certify false delinquency and charge-off information to the credit reporting agencies.

48. Exeter's violations of § 1681s-2(b) were willful, in that Exeter acted with reckless disregard for its statutory obligations and for the accuracy of the information it was reporting, or in the alternative, were negligent.

49. As a result, Ms. Lewis suffered actual damages including credit score damage, loss of credit access, and emotional distress. Ms. Lewis is entitled to actual damages, statutory damages of not less than $100 nor more than $1,000 per violation, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

**FOURTH CAUSE OF ACTION**

**Unconscionable Conduct in Consumer Credit Transaction**

**S.C. Code § 37-5-108**

**(Against Exeter Finance LLC)**

50. Plaintiff incorporates all preceding paragraphs by reference.

51. The Exeter retail installment contract is a "consumer credit transaction" as defined under the South Carolina Consumer Protection Code, S.C. Code § 37-1-301, et seq.

52. S.C. Code § 37-5-108 prohibits a creditor from engaging in unconscionable conduct in the collection of a debt arising from a consumer credit transaction.

53. Exeter's conduct in connection with the collection of the Exeter account and enforcement of the retail installment contract was unconscionable, oppressive, and abusive, including but not limited to:

    a. Cashing a full payoff check on April 14, 2025, while simultaneously failing to credit the account and treating it as delinquent;

    b. Sending a Right to Cure notice dated June 24, 2025, demanding payment of a debt that had already been satisfied;

    c. Falsely reporting Ms. Lewis's account as delinquent and ultimately charged off to all three major credit bureaus over a period of seven months;

    d. Repossessing Ms. Lewis's Vehicle despite possessing a fully satisfied security interest;

    e. Threatening to sell Ms. Lewis's Vehicle at private sale and threatening to hold her liable for a deficiency on a debt that did not exist; and

    f. Demanding tow and storage fees as a condition of returning property that was wrongfully seized.

54. These acts, individually and collectively, constitute unconscionable conduct in the collection of a consumer debt under S.C. Code § 37-5-108.

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

55. Ms. Lewis is entitled to recover actual damages and a civil penalty in the amount provided under S.C. Code § 37-5-108(2), together with attorney's fees and costs.

**FIFTH CAUSE OF ACTION**

**Violation of the South Carolina Unfair Trade Practices Act**

**S.C. Code § 39-5-20**

**(Against Exeter Finance LLC)**

56. Plaintiff incorporates all preceding paragraphs by reference.
57. The South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code § 39-5-20, prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
58. Exeter is engaged in trade or commerce within the meaning of SCUTPA.
59. Exeter's conduct as described herein constitutes unfair and deceptive acts and practices in trade or commerce, including but not limited to:
    a. Cashing a payoff check while simultaneously treating the corresponding account as unpaid and delinquent;
    b. Sending false and misleading collection notices — including a Right to Cure demand — on a debt that had been fully satisfied;
    c. Reporting materially false and damaging information to the three major consumer credit reporting agencies over a period of seven months;
    d. Repossessing a vehicle on the false premise that the underlying debt was in default;
    e. Threatening to sell Ms. Lewis's Vehicle and hold her liable for a deficiency that did not exist; and
    f. Conditioning the return of wrongfully seized property upon payment of tow and storage fees.
60. Exeter's unfair and deceptive practices have a potential for repetition, in that Exeter is a large-scale auto finance company that services thousands of consumer accounts, and

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

whose payoff processing failures could affect any consumer whose loan is refinanced through a third-party lender.

61. Exeter's unlawful conduct was the direct and proximate cause of actual damages to Ms. Lewis.

62. Pursuant to S.C. Code § 39-5-140, Ms. Lewis is entitled to actual damages. Because Exeter's conduct was willful and knowing, Ms. Lewis is further entitled to treble damages and attorney's fees and costs.

**PRAYER FOR RELIEF**

63. WHEREFORE, Plaintiff Thommie Shaw Lewis respectfully requests that this Court enter judgment in her favor and against Defendant Exeter Finance LLC as follows:

A. Actual and compensatory damages in an amount to be determined at trial;

B. Statutory damages under the FCRA, 15 U.S.C. §§ 1681n and 1681o, in an amount of not less than $100 nor more than $1,000 per violation;

C. A civil penalty under S.C. Code § 36-9-625(c)(2) for Exeter's wrongful repossession in violation of Article 9 of the South Carolina UCC;

D. A civil penalty under S.C. Code § 37-5-108(2) for Exeter's unconscionable conduct in the collection of a consumer credit obligation;

E. Treble damages pursuant to S.C. Code § 39-5-140 for Exeter's willful and knowing unfair and deceptive trade practices;

F. Punitive damages for Exeter's willful, wanton, and egregious conduct in connection with the conversion of Plaintiff's vehicle and violations of the FCRA;

G. An order requiring Exeter Finance LLC to immediately and permanently correct all credit reporting to Equifax, Experian, and TransUnion regarding Account No. 2164854 to reflect the account as "Closed, Paid, Never Late, $0 Balance";

H. An order requiring Exeter Finance LLC to release the lien on the Vehicle (2017 Chevrolet Equinox, VIN 2GNALCEK9H6132837) and deliver clear title;

ELECTRONICALLY FILED - 2026 Jul 16 10:55 AM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

I. Reasonable attorney's fees and costs as permitted by the FCRA (15 U.S.C. § 1681o), S.C. Code § 37-5-108, and S.C. Code § 39-5-140;

J. Pre-judgment and post-judgment interest; and

K. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 16, 2026

ELECTRONICALLY FILED - 2026 Aug 21 1:11 PM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

# Certificate of Electronic Notification

| Recipients |
|---|
| **David Maxfield** - Notification transmitted on 2026-08-21 12:33:46.617. |

ELECTRONICALLY FILED - 2026 Aug 21 1:11 PM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

***** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2026CP0401896

| | |
|---|---|
| **Official File Stamp:** | 08-21-2026 12:33:24 PM |
| **Court:** | CIRCUIT COURT<br>Common Pleas<br>Anderson |
| **Case Title:** | Thommie Shaw Lewis VS Exeter Finance Llc |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail<br>- Exhibit/Filing of Exhibits<br>- Exhibit/Filing of Exhibits<br>- Exhibit/Filing of Exhibits |
| **Filed by or on behalf of:** | David Andrew Maxfield |

This notice was automatically generated by the court's auto-notification system.

**The following people were served electronically:**

David Andrew Maxfield for Thommie Shaw Lewis

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Exeter Finance Llc

ELECTRONICALLY FILED - 2026 Aug 21 12:33 PM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ANDERSON | IN THE COURT OF COMMON PLEAS<br>TENTH_JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-04-01896 |
| THOMMIE SHAW LEWIS,<br>Plaintiff,<br>Vs.<br><br>EXETER FINANCE LLC<br><br>Defendant. | **PROOF OF SERVICE** |

I, the undersigned, have served Corporation Service Company as registered agent for **Exeter Finance LLC**, by U.S. First Class Mail, Certified Delivery, Return Receipt Requested on **August 4, 2026** with a **Summons & Complaint** I the above-entitled action as shown by the attached receipt.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

David A. Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com
*Attorney for Thommie Shaw Lewis*

DATED: August 21, 2026

UNITED STATES POSTAL SERVICE

ELECTRONICALLY FILED - 2026 Aug 21 12:33 PM - ANDERSON - COMMON PLEAS - CASE#2026CP0401896

Date Produced: 08/10/2026

LETTERSTREAM:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 4298 0492 3286 90. Our records indicate that this item was delivered on 08/04/2026 at 09:32 a.m. in CHARLESTON, SC 29492. The scanned image of the recipient information is provided below.

Signature of Recipient :




Address of Recipient :




Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service